## BAXTER et al. v. UNITED STATES.
### No. 5627.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1930.

488

F. H. Parvin, of Greeneville, Tenn., and E. C. Greer, of Newport, Tenn. (Susong, Susong & Parvin, of Greeneville, Tenn., on the brief), for appellants.

John H. Doughty, of Knoxville, Tenn. (Wm. J. Carter, of Johnson City, Tenn., on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

### HICKS, Circuit Judge.

Appellants, Baxter, Quinton, and Suggs, and Grooms, were charged in the first count of the indictment under title 18, § 88, U. S. Code, 18 USCA § 88 (Crim. Code, § 37), with conspiring to violate the National Prohibition Act, tit. 2, § 3 (tit. 27, § 12, U. S. Code, 27 USCA § 12), by selling, possessing, and transporting intoxicating liquors. They were also charged in the second and fourth counts with transporting, and in the third and fifth counts with possessing, intoxicating liquors. Grooms was acquitted on all counts. Suggs was convicted upon the first count only. Baxter and Quinton were convicted on the first, second, and third counts. The first count charges a continuing conspiracy from October 1, 1928, to the date of the indictment.

The Cosby section of Cocke county, Tenn., is widely known for the production of illicit liquor. Baxter was a small merchant there. His chief commodity was sugar, an ingredient in the manufacture of moonshine whisky. Quinton and Suggs lived at Newport, the county seat of Cocke county. Suggs was a whisky runner. On October 4, 1928, Suggs transported 108 gallons of whisky in an automobile from Cosby to Newport, and thence over the state highway between Newport and Greeneville to a point near Salem, where he was arrested shortly after dark and the liquor seized by Sheriff Harper and his deputies. The officers had blockaded the highway, and, when Suggs approached to within about 350 feet of the obstruction, he stopped and killed his engine in an effort to turn. There is evidence tending to show that Quinton and Baxter, driving an automobile in the same direction at about 55 to 60 miles an hour, arrived almost immediately upon the scene. Suggs was arrested after attempting escape. Harper said to appellants Quinton and Baxter, "Boys, your liquor is caught" or "The liquor is caught," and suggested that they re-

turn with him to Newport. On the return journey Quinton and Baxter offered to, and afterwards did, procure bail for Suggs, and requested the sheriff not to turn him over to the government or reveal the matter to the Prohibition Agent. Suggs was convicted in both the federal and state courts on the substantive offense of transporting whisky, and was confined in the jail at Morristown about 25 miles from Newport. While so confined he was visited by both Quinton and Baxter on several occasions, and at various times was given small amounts of money by Baxter.

On May 24, 1929, Sheriff Harper discovered Grooms driving a Ford coach automobile along the Cosby road into Newport. It was so loaded with fruit jar cartons that they were observed through the glass in the rear of the car. Fruit jars are commonly used in the Cosby section as whisky containers. Grooms drove rapidly through Newport and out upon the Newport-Morristown highway. He was pursued by Sheriff Harper and his deputy, W. A. Harper. There is substantial evidence tending to show that the Harpers were driving at from 60 to 65 miles an hour, and were gaining upon Grooms, and would very probably have captured him had not Quinton and Baxter in an automobile passed the officers from the rear, and, placing themselves between the officers and Grooms, gradually reduced speed. The officers sounded their horn for the road and fired pistol shots into the air. These signals were disregarded. The evidence tends to show that, although Quinton looked back once or twice, he disregarded a signal from the Sheriff to give the road. The sheriff finally stopped the car by shooting its rear tires down. The evidence indicates that Grooms escaped over a side road, that he drove out of sight to a creek, but soon returned to the highway without his load, and in a short while, with another man in the car, returned to the creek and thence again to the highway. When the Sheriff overtook the disabled car, he upbraided Baxter and Quinton for driving between him and a liquor car. They denied any such purpose both then and upon the trial, but there is evidence that one of them, probably Baxter, said that "it meant a thousand dollars to him," or, in substance, that the sheriff would have done the same thing if he had had $1,000 at stake. As explanatory, these appellants insist that what was meant was that, if the disabled car had collided with a nearby post, the damage would have been near $1,000.

From this evidence considered in the aggregate we think there is a reasonable inference that Grooms was transporting whis-

ky, or that Quinton and Baxter at least conceived that he was, and, upon this supposition, were actively engaged in aiding and abetting him therein, and were hindering and interfering with the officers. A conspiracy may be established by circumstances, and, when the evidence touching both the Suggs and Grooms episode is considered together, we cannot say that it is insufficient to support the verdict against them upon the first count. The facts that upon each occasion they were together, were driving very rapidly, were following a loaded car from Cosby, that they were each well acquainted with both Suggs and Grooms, that in each instance they appeared upon the scene just as an arrest was imminent, and that each appellant, each time, had a similar excuse for his presence, that is, that he was on the way to the town beyond upon a mission touching automobiles, cannot be overlooked, and, in connection with the other testimony referred to, indicate a common and continued understanding that they would violate the law against possessing and transporting intoxicating liquors. That Grooms was not convicted is not available to them here. United States v. Austin-Bagley Corp. et al. (C. C. A. 2) 31 F.(2d) 229, 233.

The judgment against Baxter and Quinton upon the first count is therefore affirmed.

In our opinion, the evidence is not sufficient to support the verdict against Suggs, and the judgment against him is therefore reversed.

No judgment was imposed against either Baxter or Quinton upon the third count, and a fine of only one cent each upon the second. Alleged error as to the second count does not seem to have been regarded by appellants as vitally important. It was not stressed either in the argument or on the brief, and the judgment thereon is affirmed.